MICHAEL R. MATTHIAS, SBN 57728
JOELLE A. BERLE, SBN 252532
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: mmatthias@bakerlaw.com
jberle@bakerlaw.com

MICHAELS. VITALE (Admitted *Pro Hac Vice*)
**BAKER & HOSTETLER LLP**
2300 SunTrust Center
200 South Orange Avenue
P.O. Box 112
Orlando, FL 32802-0112
Telephone: 407.649.4000
Facsimile: 407.841.0168
Email: mvitale@bakerlaw.com

*Attorneys for Defendants*
AVENTUS OUTREACH, LLC; OLIVER DAWOUD; AVENTUS BIO LABS, INC.; and AVENTUS HEALTH, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

NOCHER ENTERPRISES, INC., a California corporation,

Plaintiff,

v.

AVENTUS OUTREACH, LLC, a Florida limited liability company; OLIVER DAWOUD, an Individual; and DOES 1-20, inclusive,

Defendants.

Case No.: 2:18-cv-3897 RSWL (JEMx)

**DECLARATION OF OLIVER DAWOUD IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)**

Action Filed: March 5, 2018

## DECLARATION OF OLIVER DAWOUD

I, Oliver Dawoud, declare:

1. I am an individual and a party to the instant action filed by Plaintiff Nocher Enterprises, Inc. ("Nocher"). I have personal knowledge of the facts stated herein and if called as a witness I could and would completely testify thereto.

2. I submit this declaration in support of Defendants' Reply in support of their Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2).

3. I have read the Declaration of Nocher in support of his opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2).

4. I am, and at all times material hereto have been, a member of Defendant Aventus Outreach, LLC ("Outreach"). [1]

5. I have never had any conversations with Plaintiff advising Plaintiff that Outreach, Aventus Health, LLC ("Health") and/or Aventus Bio Labs, Inc. ("Bio Labs") were all the same entity or alter egos of one another.

6. To my knowledge, Plaintiff never provided or delivered any specimens to Outreach, Health, or Bio Labs. Plaintiff is not a medical professional and is not authorized to deliver any specimens. To my knowledge, all specimens were delivered to Outreach or Health directly from the medical provider requesting the test, except for some samples which were first accessioned[2] by an outside facility before being sent to Outreach or Health (or a reference lab in Georgia) for testing.

7. Outreach, Health and Bio Labs do not own any laboratories in Arizona, Georgia, Montana, Mississippi or Missouri. It is true that some specimens

---

[1] Outreach is in the process of undergoing a corporate reorganization, however, this reorganization has just recently commenced and was not underway when the facts giving rise to this lawsuit occurred.

[2] Accessioning occurs when a laboratory specimen is received, sorted, screened and/or processed by a third party. Once the specimen is accessioned, it is forwarded on to the laboratory for testing.





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

were accessioned at DeWitt Hospital and Nursing Home in Arkansas and North Oak Regional Medical Center in Mississippi. However, no specimens were accessioned or tested at Trinity Hospital Nursing Service in Montana or at any facility in Arizona, only two (2) specimens were accessioned at Singing River Hospital in Mississippi and only three (3) specimens were accessioned at Deckerville Community Hospital in Michigan. No specimens were tested in California.

8. In the cases where specimens were sent to an outside facility for accessioning, this was due to provider-specific insurance restrictions. If Outreach or Health laboratories were at capacity, some specimens were sent to a reference laboratory in Georgia for testing.

9. The specimens that were accessioned at an outside facility were ultimately sent to Florida (or Georgia) for partial or full testing, and results of the all tests were uploaded in Florida.

10. Plaintiff should never have had access to the patient portal which provides test results of the specimens, because Plaintiff is not a physician. Upon discovering that Plaintiff somehow gained access to this portal, Outreach restricted Plaintiff's access to the portal to ensure that only authorized physicians had access. The servers for the portal are located in Florida, accessed and maintained by Outreach in Florida, and Outreach denied access to the portal in Florida.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 10th day of September, 2018, at Orlando, Florida.

Oliver Dawoud 9|10|2018

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES



4835-0612-3889.2