O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Nocher Enterprises, Inc. a California corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>AVENTUS OUTREACH, LLC, a Florida limited liability company; OLIVER DAWOUD, an individual; AVENTUS BIO LABS, INC., a Florida corporation; and AVENTUS HEALTH, LLC, a Florida limited liability company,<br><br>            Defendants. | **CV 18-3897-RSWL (JEMx)**<br><br>**ORDER re: Defendants' Motion to Dismiss [44]** |

Plaintiff Nocher Enterprises, Inc. ("Plaintiff") filed a Second Amended Complaint ("SAC") against Defendants Aventus Outreach, LLC ("Outreach"); Aventus Health, LLC ("Health"); and Aventus Bio Labs, Inc. ("Bio Labs") (collectively, "Defendants"), for damages arising from an alleged breach of contract and

1

negligent misrepresentation. Before the Court is Defendants' Motion to Dismiss Plaintiff's claims for negligent misrepresentation and unjust enrichment ("Motion"). Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS in Part** and **DENIES in Part** Defendants' Motion.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a California corporation doing business in California. SAC ¶ 1, EFC No. 39. Defendants Outreach and Health are Florida limited liability companies, and Bio Labs was a Florida corporation. Id. ¶¶ 2-4. Oliver Dawoud ("Dawoud") is the principal/owner of Outreach, and the operator, manager, agent and authorized representative of Outreach, Health, and Bio Labs.[1] Id. ¶ 5. Plaintiff avers that Defendants were "separately organized," but that at all times relevant hereto, Defendants "held themselves out as one and [the] same entity" and under the "same banner and trade name of Aventus Biolabs a/k/a AventusBiolabs.com." Id. ¶ 7.

Defendants are in the business of testing medical specimens. Order re Defs.' Mot. to Dismiss ("Order")

---

[1] Plaintiff initially included Dawoud as a Defendant in this Action, but dropped Dawoud as a Defendant in its SAC after this Court ruled on November 16, 2018 that it lacked personal jurisdiction over him. See Order re Defs.' Mot. to Dismiss ("Order") 18:9-11, ECF No. 38.

2:14-17, ECF No. 38. Plaintiff alleges that on April 19, 2017, Defendants invited Plaintiff to "enroll its accounts" with Defendants for the sale and service of specimens to Defendants. Id. ¶ 12. In exchange, Defendants promised to pay Plaintiff a specified percentage of the net payments Defendants would receive from using Plaintiff's provided specimens. Id. Defendants also promised to account for their collections by providing Plaintiff with summarized reports, and access to an online portal to verify collection data. Id.

Plaintiff delivered 11,000 specimens to Defendants. Id. As of August 2017, Defendants paid Plaintiff $170,000 for approximately 600 specimens. Id. ¶ 17. Plaintiff alleges the Defendants refused to pay Plaintiff for the remaining 10,400 specimens, despite collecting millions of dollars from them. Id. ¶ 24. Plaintiff further alleges that Defendants did not provide Plaintiff with reports on their collections and denied Plaintiff access to the online portal. Id.

On November 27, 2017, Dawoud emailed Plaintiff's representative, Jamie Nocher, spreadsheets and reports reflecting the amount of collections allegedly made by Defendants for the months of September and October 2017 (the "November 27 Email"). Id. ¶ 18. Plaintiff alleges that at about the same time that it received the November 27 Email, "[D]efendants' representatives" sent the same spreadsheet (listing the same providers

3

and samples) but bearing differing numerical collection and other data.[2] Id. ¶ 20. From these conflicting spreadsheets, and other "independent investigations," Plaintiff deduced that Defendants had materially falsified the November 27 Email to justify not paying Plaintiff for the remaining 10,400 specimens. Id.

As a result, Plaintiff filed this Action against Defendants, alleging negligent misrepresentation, breach of implied contract, and unjust enrichment. See generally id.

## B. Procedural Background

This case was removed from Superior Court [1] to this Court on May 9, 2018. Plaintiff filed its First Amended Complaint ("FAC") [13] on July 9, 2018. Defendants filed a Motion to Dismiss for lack of personal jurisdiction [17] and a Motion to Dismiss for failure to state a cause of action [18] on August 13, 2018. On November 16, 2018 the Court: (1) granted Defendants' Motion to Dismiss for lack of jurisdiction as to Dawoud; (2) denied Defendants' Motion to Dismiss for failure to state a claim as to Plaintiff's breach

---

[2] For example, Plaintiff alleges that throughout the reports, identical claim ID numbers and claim dates were listed but had two drastically different reimbursements. Id. ¶ 21. In some cases a $19,000 payment turned into a 0 or $5,000 turned into $500, and based on Plaintiff's "independent investigations" there were many payments of $20,000 gross per specimen paid to Defendants that were never accounted for. Id. Plaintiff does not attach the conflicting reports to its SAC or Opposition, but notes that disclosure of specific claim numbers and claims will be made subject to a HIPAA-compliant protective order. Id. at n.1.

4

of implied contract claim; and (3) granted with leave to amend Defendants' Motion to Dismiss for failure to state a claim as to Plaintiff's claims for deceit/negligent misrepresentation, breach of oral contract, common counts, unjust enrichment, and accounting. See ECF No. 38.

Plaintiff filed its SAC [39] on December 7, 2018. Defendants filed the instant Motion [44] on December 28, 2018, arguing that Plaintiff once again did not plead with sufficient particularity for negligent misrepresentation and once again failed to state a claim for unjust enrichment. Plaintiff filed its Opposition [46] on January 7, 2019. Defendants filed their Reply [47] on January 15, 2019.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must contain sufficient facts, accepted as true, to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal is warranted for a "lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"In ruling on a 12(b)(6) motion, a court may

generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). A court must presume all factual allegations to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the claims. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005)(quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555 (2007). However, a complaint "should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Balistreri, 901 F.2d at 699,(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1975)).

**B.  Discussion**

    1.  Negligent Misrepresentation

    Plaintiff bases its negligent misrepresentation claim on the following: (1) the November 27 Email; (2)

Defendants' "false representations concerning payment for the specimens," and (3) Defendants' "false representations of account in order to deny payment." SAC ¶ 26. Because the second and third categories of alleged misrepresentations are mere duplications of the statements contained in the November 27 Email,[3] the question is whether the November 27 Email is sufficient to create a negligent misrepresentation cause of action against all three Defendants. The Court concludes that it is not.

Plaintiff's claim for negligent misrepresentation is governed by Federal Rule of Civil Procedure ("FRCP") 9(b).[4] FRCP 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting a fraud or mistake." Fed. R. Civ. Proc. 9(b). In cases involving multiple defendants, FRCP 9(b) "does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their

---

[3] To the extent that Plaintiff alleges that these statements were made separately from the November 27 Email and should independently support its claim for negligent misrepresentation, the Court finds that they are insufficient as they are wholly unsupported in the SAC. Specifically, Plaintiff fails to identify what the statements consist of, who made the statements, who received the statements, whether the statement were made by representatives of Defendants, or when the statements were made.

[4] The Court's prior Order ruled that regardless of whether California or Florida substantive law applies, FRCP 9(b) governs Plaintiff's negligent misrepresentation claim because it sounds in fraud. Order at 23:4-10 n.13.

allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" <u>Swartz</u>, 476 F.3d at 765 (citations omitted). Here, Plaintiff fails to provide facts showing how the November 27 Email and its purported attachments are connected to each Defendant. Plaintiff indicates that the email was sent by Dawoud at <u>oliver@aventusbiolabs.com</u> to Jamie Nocher at <u>jamie@pushstartllc.com</u>.[5] SAC ¶ 18. Plaintiff alleges that Dawoud sent the email on behalf of all Defendants, who are alter egos of one another and "held themselves out as one and [the] same entity acting in concert with each other." <u>Id.</u> ¶¶ 7, 18. However, Plaintiff provides no facts supporting these conclusory allegations. Nor does Plaintiff provide any details regarding the purported attachments to the November 27 Email. Without information regarding how each Defendant was involved with the misrepresentations, Plaintiff's allegations fail to pass muster under FRCP 9(b). <u>See</u> <u>Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.</u>, No. CV 14-3053-MWF (VBKx), 2015 WL 12777091, at *9 (C.D. Cal. Feb. 12, 2015) (quoting <u>Destfino v. Reiswig</u>, 630 F.3d 952, 958 (9th Cir. 2011)) ("Allegations that 'everyone did

---

[5] Plaintiff alleges that this email address belongs to Jamie Nocher, but provides no information regarding what "pushstartllc" is or how it is relevant to this Action. Nonetheless, the Court accepts that the email address is associated with Plaintiff for purposes of deciding Defendants' Motion.

everything' are insufficient.").

Even if Plaintiff adequately alleged facts involving each Defendant, Plaintiff fails to provide facts supporting its assertion that the contents of the November 27 Email were falsified. Plaintiff did not attach the November 27 Email or its attachments to the SAC, but states that its contents consisted of the following:

> Here is all the reports. The most accurate with up to date claim overpayments and any claw backs by insurances. I have included the missing doctor reports and the September as well [sic] the total commission is still under the amount that was spent on cogs. It has all been broken-down in each report. These once again are the most accurate reports if there are any claims in question please provide the EOB and I will investigate. You need to understand that there are claw backs and over payments that are updated and if you provide me with specific ones that you are in question I can provide you with the information of either overpayment or claw back. Which 99 percent of the time is the case because they don't update that. Once again these are the most accurate report. Thank you.

SAC ¶ 19. Plaintiff alleges that it realized the November 27 Email was falsified when it reviewed the email and another spreadsheet that was sent by Defendants' representatives and that listed the same providers and samples but bore differing numerical collection and other data. Id. ¶ 20. However, the other spreadsheet was neither attached to the SAC nor described in detail. Aside from the general allegation that the spreadsheet was sent by "Defendants' representatives," Plaintiff fails to indicate who specifically sent the spreadsheet, on whose behalf the

9

spreadsheet was sent, or how the spreadsheet was sent. Moreover, the November 27 Email acknowledges that certain claims may be updated due to "claw backs" and "over payments," and invites Plaintiff to provide any claims in question so that Dawoud could investigate whether there was an "over payment" or a "claw back." Plaintiff does not indicate that it ever followed up with Dawoud or requested an investigation on the claims in question, and fails to refute the plausible explanation that any discrepancies between the spreadsheets were due to the changes in "claw backs" and "over payments" explicitly flagged by Dawoud. Such lack of information surrounding the alleged misrepresentation falls short of stating a plausible claim to relief under <u>Iqbal</u> and <u>Twombly</u>, let alone a claim to relief under Rule 9(b).[6]  See <u>Eclectic Properties East, LLC v. Marcus & Millichap</u> Co., 751 F.3d 990, 996 (9th Cir. 2014) (quoting <u>Iqbal</u>, 556 U.S. at 678, 682) ("'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. . . . When considering plausibility, courts must also consider an

---

[6] Plaintiff's suggestion that it also learned Defendants were lying through its "independent investigations," in which it discovered that there were payments of $20,000 per specimen paid to Defendants which had not been accounted for or paid to Plaintiff, is equally insufficient. Plaintiff provides no details regarding the circumstances of the investigations, or the veracity of the discoveries made therefrom.

'obvious alternative explanation' for defendant's behavior.").

In sum, Plaintiff's allegations regarding Defendants' negligent representations fail to adequately state a claim under Rule 9(b). Plaintiff has had several opportunities to amend its Complaint, yet has still not provided the Court with enough information to state a plausible claim against all Defendants. See Destfino v. Reiswig, 630 F.3d 952, 959 (9th Cir. 2011) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir.1993)) ("It is well-established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after 'repeated opportunities.'"). Plaintiff's failure to add the requisite particularity to its negligent misrepresentation claim, even after the Court previously held that it was governed by the heightened pleading requirements of Rule 9(b), leaves the Court to surmise that granting Plaintiff another chance to amend its Complaint would be futile and prejudicial to Defendants. As such, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendants' Motion as to Plaintiff's negligent misrepresentation claim.

///
///
///
///
///

2. <u>Unjust Enrichment</u>

The Court ruled in its prior Order that Florida law applies to Plaintiff's claim for unjust enrichment. Order at 22:6-12.  Under Florida law, the elements of unjust enrichment include: "[1] a benefit conferred upon a defendant by the plaintiff, [2] the defendant's appreciation of the benefit, [3] the defendant's acceptance, and [4] retention of the benefit under the circumstances make it inequitable for [defendant] to retain it without paying the value thereof."  <u>Fla. Power Corp. v. City of Winter Park</u>, 887 So.2d 1237, 1242 (Fla. 2004) (citations omitted).

First, Defendants argue that Plaintiff fails to state a claim for unjust enrichment, because it fails to allege that Plaintiff conferred a benefit upon Defendants as required by the first element of an unjust enrichment claim.  However, Plaintiff incorporates into its claim for unjust enrichment its allegations that it enrolled its accounts with Defendants for the sale of specimens, and in fact delivered 11,000 specimens to Defendants.  SAC ¶¶ 12, 24.  A direct benefit in unjust enrichment is a benefit that is conferred from the plaintiff to the defendant. <u>See</u> <u>Fito v. Atty's Title Ins. Funds, Inc.</u>, 83 So.3d 755, 758 (Fla. Dist. Ct. App. 2012).  Thus, Plaintiff satisfactorily alleges that it conferred a benefit upon Defendants.

Second, Defendants argue that Plaintiff fails to

12

adequately allege the fourth element of an unjust enrichment claim because Plaintiff does not allege that the $170,000 Defendants paid Plaintiff was unreasonable.  See <u>Wiand v. Wells Fargo Bank, N.A.</u>, 86 F. Supp. 3d 1316, 1332 (M.D. Fla. 2015) (citations omitted) ("[I]t is settled law in Florida that 'when a defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails.'").  However, whether the payment was reasonable is irrelevant here because the heart of Plaintiff's unjust enrichment claim concerns the specimens for which Plaintiff has *not* been paid.  Specifically, Plaintiff alleges that Defendants paid $170,000 for 600 specimens, and refused to pay for the remaining 10,400 specimens.  SAC ¶ 17.  Plaintiff further alleges that Defendants made millions of dollars off of the 10,400 unpaid specimens.  <u>Id.</u> ¶ 37.  While Defendants may ultimately produce evidence establishing that the $170,000 payment was intended to cover all 11,000 specimens (at which point the question of whether this payment was reasonable will be at issue), at this juncture, the Court must accept Plaintiff's allegations that Defendants failed to pay for 10,400 specimens as true.  Thus, Plaintiff adequately pled the fourth element of its claim for unjust enrichment.

    Because Plaintiff adequately alleges the requisite elements for unjust enrichment, the Court **DENIES** Defendants' Motion to Dismiss as to this claim.

Case 6:19-cv-01267-WWB-LHP   Document 49   Filed 02/27/19   Page 14 of 14 PageID 528

**III. CONCLUSION**

Based on the foregoing, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendants' Motion to Dismiss Plaintiff's negligent misrepresentation claim; and **DENIES** Defendants' Motion to Dismiss Plaintiff's unjust enrichment claim.

**IT IS SO ORDERED.**


DATED: February 27, 2019          s/ RONALD S.W. LEW
                                  **HONORABLE RONALD S.W. LEW**
                                  Senior U.S. District Judge

14