MICHAEL R. MATTHIAS (SBN 57728)
*mmatthias@bakerlaw.com*
JOELLE A. BERLE (SBN 252532)
*jberle@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

MICHAEL S. VITALE (admitted *Pro Hac Vice*)
*mvitale@bakerlaw.com*
**BAKER & HOSTETLER LLP**
2300 SunTrust Center
200 South Orange Avenue
P.O. Box 112
Orlando, FL 32802-0112
Telephone: 407.649.4000
Facsimile: 407.841.0168

*Attorneys for Defendants*
AVENTUS OUTREACH, LLC,
AVENTUS BIO LABS, INC.
and AVENTUS HEALTH, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NOCHER ENTERPRISES, INC., a California corporation,

Plaintiff,

v.

AVENTUS OUTREACH, LLC, a Florida limited liability company; OLIVER DAWOUD, an individual; AVENTUS BIO LABS, INC., a Florida corporation; and AVENTUS HEALTH, LLC, a Florida limited liability company,

Defendants.

Case No.: 2:18-cv-3897 RSWL (JEMx)

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS AVENTUS OUTREACH, LLC, AVENTUS BIO LABS, INC. AND AVENTUS HEALTH, LLC**

Action Filed: March 5, 2018

Defendants Aventus Outreach, LLC ("Outreach"), Aventus Bio Labs, Inc. ("Bio Labs") and Aventus Health, LLC ("Health"), (collectively, "Defendants")

hereby file their Answer and Affirmative Defenses to the Second Amended Complaint ("SAC", Dkt. No. 39) filed by Plaintiff Nocher Enterprises, Inc. ("Nocher"), and in support thereof state as follows in correspondingly numbered paragraphs:

**PARTIES AND CAPACITIES**

1. Admitted that Nocher is a California corporation. Otherwise, without knowledge, therefore, denied.

2. Admitted that Outreach is a Florida limited liability company. Otherwise, denied.

3. Admitted that Bio Labs was a Florida corporation. Denied that Bio Labs is still a Florida corporation. The remaining allegations in this paragraph are also denied.

4. Admitted that Health is a Florida limited liability company. Otherwise, denied.

5. Admitted that at times material to the lawsuit, Dawoud was an owner of Outreach and performed some tasks as a representative of Health. Otherwise, denied.

6. Admitted that the SAC makes such a reference. Denied that Health, Outreach, and/or Bio Labs referred to themselves collectively as such during the time of the facts giving rise to this lawsuit.

7. Denied.

**JURISDICTION AND VENUE**

8. Admitted only that Defendants removed this action to federal court. The remaining allegations of this paragraph state a legal conclusion to which no response is required.

9. Admitted that Nocher is a California corporation, that Defendants are all citizens of the State of Florida, and that the amount in controversy is over $75,000.00. Otherwise, denied.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

10. Admitted that the underlying state court action was filed within the territorial confines of this District and Division. Otherwise, denied.

**MATERIAL FACTS AS TO ALL CAUSES OF ACTION**

11. Admitted that Defendants did not conduct business in California prior to its relationship with Nocher. Otherwise, denied.

12. Admitted that Nocher represented to Outreach and Health that it had convinced some of the physicians and laboratories it had relationships with to enroll accounts with Outreach or Health, in order to have specimens tested by Outreach or Health. Denied that any of the Defendants sought out Nocher. The remaining allegations of this paragraph are all also denied.

13. Denied.

14. Admitted that an email with a similar title exists in Outreach's records. Otherwise, denied.

15. Admitted that some of the entities named sent samples to Outreach or Health for testing. Otherwise, denied.

16. Admitted that Outreach or Health sent testing kits to some entities which Nocher represented to Outreach and Health it had convinced to enroll accounts with Outreach or Health. Otherwise, denied.

17. Admitted that Outreach paid Nocher approximately $170,000.00 for its alleged efforts; denied that this amount was for 600 specimens or designed to be paid on a per-specimen basis. The remaining allegations of this paragraph are all denied.

18. The allegations of this paragraph are either all denied, Defendants are without knowledge of the same, and are therefore denied.

19. Without knowledge, therefore, denied.

20. Denied.

21. Denied.

22. Denied

23. Admitted that Outreach and Health refused to make further payments to Nocher on the grounds that Nocher had already been paid and that Nocher was not entitled to further payment. Otherwise, denied.

24. Denied.

**FIRST CAUSE OF ACTION FOR**

**DECEIT/NEGLIGENT MISREPRESENTATION**

**(AGAINST ALL DEFENDANTS)**

25. This Cause of Action was dismissed with prejudice pursuant to the Court's Order dated February 27, 2019 (Dkt. No. 49), and therefore no response is required.

26. This Cause of Action was dismissed with prejudice pursuant to the Court's Order dated February 27, 2019 (Dkt. No. 49), and therefore no response is required.

27. This Cause of Action was dismissed with prejudice pursuant to the Court's Order dated February 27, 2019 (Dkt. No. 49), and therefore no response is required.

28. This Cause of Action was dismissed with prejudice pursuant to the Court's Order dated February 27, 2019 (Dkt. No. 49), and therefore no response is required.

**SECOND CAUSE OF ACTION FOR**

**BREACH OF IMPLIED IN FACT CONTRACT**

**(AGAINST ALL DEFENDANTS)**

29. Defendants reallege and incorporate by reference their responses to Paragraphs 1-24 as if fully set forth herein.

30. Denied.

31. Denied.

32. Admitted that Outreach paid Nocher approximately $170,000.00 for its alleged efforts; denied that this amount was for 600 specimens or designed to be paid

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

on a per-specimen basis. The remaining allegations of this paragraph are all denied.

33. Denied.

34. Denied.

**THIRD CAUSE OF ACTION FOR UNJUST ENRICHMENT**

**(AGAINST ALL DEFENDANTS)**

35. Defendants reallege and incorporate by reference their responses to Paragraphs 1-24 as if fully set forth herein.

36. Paragraph 36 states a legal conclusion to which no response is required.

37. Denied.

**PRAYER FOR RELIEF**

38. Defendants admit that Nocher seeks the relief stated, but deny that Nocher is entitled to the requested relief or any other relief.

**GENERAL DENIAL**

39. Any allegations not specifically addressed above are hereby denied by all Defendants.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses to Nocher's Second and Third Causes of Action:

**First Affirmative Defense**

(Failure to State a Claim)

1. The Second and Third Causes of Action of the SAC must be dismissed for failure to state a cause of action for which relief may be granted.

**Second Affirmative Defense**

(Lack of Jurisdiction)

2. The Second and Third Causes of Action of the SAC must be dismissed because California lacks personal jurisdiction over all the Defendants.

**Third Affirmative Defense**

(Forum Non-Convenient/Transfer of Venue)

3. The Second and Third Causes of Action of the SAC must be dismissed or transferred to the Middle District of Florida, Orlando Division, because the balancing of factors demonstrates that application of law, the facts giving rise to the claims, and access to documents and witnesses, *inter alia*, favors transfer to such district court.

**Fourth Affirmative Defense**

(Punitive Damages Claim is Moot and Should be Stricken)

4. The SAC's demand of $3 million for punitive damages was based solely on an alleged tort violation in Nocher's First Cause of Action, which has been fully dismissed with prejudice. As such, the SAC's demand for punitive damages is moot, and therefore should be stricken. Such a demand is also violative of the due process clause of the Fourteenth Amendment of the U.S. Constitution.

**Fifth Affirmative Defense**

(Statute of Limitations)

5. The Second and Third Causes of Action of the SAC must be dismissed based on the expiration of the applicable statute of limitation or statute of repose.

**Sixth Affirmative Defense**

(Lack of Assent)

6. The Second and Third Causes of Action of the SAC must be dismissed due to a lack of assent by the Defendants as to any contract or quasi-contractual arrangement of the type described by Nocher. In the alternative, the arrangement between the parties alleged in the SAC was nothing more than an unenforceable "agreement to agree" under Florida law.

**Seventh Affirmative Defense**

(Mistake)

7. The Second and Third Causes of Action of the SAC must be dismissed

due to the doctrine of mistake. There is no written contract between the parties; Nocher and the Defendants had materially different understandings of the contractual terms, and therefore the claims of Nocher fail due to the doctrine of mistake of fact and/or law.

**Eighth Affirmative Defense**

(Payment / Accord and Satisfaction)

8. The Second and Third Causes of Action of the SAC must be dismissed because Nocher has already received full payment for any alleged benefit conferred or service provided. Nocher's claims as to the account, debt or agreements alleged in the SAC have been satisfied, adjudicated, resolved and/or released and are barred in whole or in part by the doctrine of accord and satisfaction because Defendants have already satisfied all amounts due and owing. Nocher accepted the consideration from Defendants, as satisfaction of the account stated, and such acceptance extinguished the obligation.

**Ninth Affirmative Defense**

(Reasonableness of Benefit Conferred)

9. The Second and Third Causes of Action of the SAC must be dismissed, as the payment of approximately $170,000.00 for the services allegedly provided by Nocher was accepted by Nocher, was reasonable (or more than reasonable) based on the services provided, and it would be inequitable to afford further relief to Nocher.

**Tenth Affirmative Defense**

(Prior Material Breach)

10. The Second and Third Causes of Action of the SAC must be dismissed due to Nocher's prior material breach of contract. Nocher represented, explicitly or impliedly, that the physicians, rehabilitation centers, and/or other centers it referred to Defendants would provide proper samples for testing. A few months into the arrangement, it became clear that many of these facilities were sending untestable samples, samples that Defendants could not recover payment for testing, and/or were

sending samples of the same patient in such a frequent duration that it would violate insurance or other legal guidelines for Defendants to test and/or bill for the testing of such samples. Nocher took no effort to stem the tide of untestable samples to Defendants, thereby breaching the arrangement between the parties, breaching the implied duty of good faith and fair dealing, and costing Defendants large sums of money. Nocher's president also behaved improperly during the relationship and failed to adhere to corporate formalities. These actions represent a prior material breach(es) of contract and justify Defendants' withholding of future payments.

**Eleventh Affirmative Defense**

(Illegality)

11. The Second and Third Causes of Action of the SAC must be dismissed under the doctrine of illegality. Nocher's requested contractual arrangement to be paid on a per-specimen and/or commission basis violates federal anti-kickback laws and is unenforceable as a matter of law.

**Twelfth Affirmative Defense**

(Waiver)

12. The Second and Third Causes of Action of the SAC must be dismissed under the doctrine of waiver. Nocher represented to Defendants that it sought only a business development payment for the services allegedly provided, and therefore relinquished any right to be paid on a per-specimen basis or based on a percentage of the revenue paid to Defendants.

**Thirteenth Affirmative Defense**

(Estoppel)

13. The Second and Third Causes of Action of the SAC must be dismissed under the doctrine of equitable estoppel, for the reasons stated in Defenses 10-12 above.

/ / /

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**Fourteenth Affirmative Defense**

(Setoff/Overpayment)

14. The payments to Nocher already provided were over and above reasonable value for the services provided to Nocher, and therefore Nocher has no legally cognizable damages.

**Fifteenth Affirmative Defense**

(Mitigation of Damages)

15. Any alleged damages suffered by Nocher in the Second and Third Causes of Action must be reduced due to Nocher's failure to take any efforts to mitigate its damages.

**Sixteenth Affirmative Defense**

(Bio Labs Not a Proper Party)

16. Defendant Aventus Bio Labs, Inc. is a dissolved Florida corporation that conducted no business with Nocher, nor anyone else, and should not have been named as a Defendant in this lawsuit. Bio Labs has provided an affidavit to Nocher in this respect. Bio Labs reserves its right to seek attorney's fees and costs under Rule 11 and/or 28 U.S.C. § 1927 should Nocher continue to maintain this lawsuit against Bio Labs.

**Seventeenth Affirmative Defense**

(Reservation of Additional Affirmative Defenses as to Each Claim for Relief)

17. Defendants reserve the right, based on further discovery and investigation to assert and rely upon additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Defendants pray for the following relief on Nocher's claims:

1. That Nocher take nothing by way of its claims, and that Nocher's Second and Third Causes of Action be dismissed with prejudice;

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2. That judgment be entered in favor of Defendants;

3. That Nocher's claim for punitive damages is moot and should be stricken;

4. For recovery of an award of all recoverable costs in law or equity, including reasonable attorneys' fees and costs, expert witness fees, and all related expenses to the full extent provided by law; and

5. For any other such relief to Defendants as the Court deems just and equitable.

Dated: March 20, 2019

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Michael R. Matthias*
Michael R. Matthias
Michael S. Vitale
Joelle A. Berle

*Attorneys for Defendants*
AVENTUS OUTREACH, LLC,
AVENTUS BIO LABS, INC. and
AVENTUS HEALTH, LLC