# Exhibit 1

MICHAEL R. MATTHIAS, SBN 57728
JOELLE A. BERLE, SBN 252532
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: mmatthias@bakerlaw.com
jberle@bakerlaw.com

MICHAELS. VITALE (Admitted *Pro Hac Vice*)
**BAKER & HOSTETLER LLP**
2300 SunTrust Center
200 South Orange Avenue
P.O. Box 112
Orlando, FL 32802-0112
Telephone: 407.649.4000
Facsimile: 407.841.0168
Email: mvitale@bakerlaw.com

*Attorneys for Defendants*
AVENTUS OUTREACH, LLC; OLIVER DAWOUD; AVENTUS BIO LABS, INC.; and AVENTUS HEALTH, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOCHER ENTERPRISES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AVENTUS OUTREACH, LLC, a Florida limited liability company; OLIVER DAWOUD, an Individual; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-3897 RSWL (JEMx)<br><br>**DECLARATION OF OLIVER DAWOUD IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)**<br><br>[Filed concurrently with Youssef Declaration and [Proposed] Order]<br><br>Action Filed: March 5, 2018 |

## DECLARATION OF OLIVER DAWOUD

I, Oliver Dawoud, declare:

1. I am an individual and a party to the instant action filed by Plaintiff Nocher Enterprises, Inc. ("Nocher"). I have personal knowledge of the facts stated herein and if called as a witness I could and would completely testify thereto.

2. I submit this declaration in support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2).

## AVENTUS OUTREACH, LLC

3. I am, and at all times material hereto have been, a member of Defendant Aventus Outreach, LLC ("Outreach") which is, and was at all times material hereto, a Florida limited liability company, with its principal place of business in Seminole County, Florida. Attached hereto as **Exhibit A** is a true and correct copy of the webpage from the Florida Secretary of State, Division of Corporations confirming Outreach's status as a Florida limited liability company, which can be found at the following web address: http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=AVENTUSOUTREACH%20L170000396200&aggregateId=flal-l17000039620-88c124f9-c6c3-4e04-831f-6466f2319cf4&searchTerm=aventus&listNameOrder=AVENTUS%20F040000019620.

4. I am, and at all times material hereto have been, a resident of Seminole County, Florida, and a citizen of Florida.

5. I was served with a copy of the Complaint in this action in Seminole County, Florida.

6. The other member of Outreach is, and at all times material hereto has been, Tamer Girgis, who is a resident of Seminole County, Florida and a citizen of Florida.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

7. At all times material to the facts giving rise to this lawsuit, there have not been any other members of Outreach other than Mr. Girgis and me.[1]

8. Outreach is in the business of assisting physicians and hospitals with obtaining services they need to run their practices with efficiency and by adding value.

9. Outreach does not currently conduct any business in California.

10. Outreach does not own any property in California or lease any space in California.

11. I do not travel to California for trade shows, conventions or conferences related to or on behalf of Outreach, and neither do my employees.

12. Outreach does not advertise in the State of California.

13. None of the employees of Outreach reside in California or travel to California for Outreach-related business.

14. Outreach does not have a license to conduct business in the State of California.

15. I first met Jamie Nocher ("Mr. Nocher") for the first time in Winter Springs, Florida. I never traveled to California to meet with Mr. Nocher, nor did any employees of Outreach travel to California to meet with any employees of Plaintiff Nocher. It was Mr. Nocher who sought the services of Outreach, not the other way around.

16. Mr. Nocher initiated all meetings with Outreach for the stated purpose of seeking out Outreach to arrange for the testing of medical specimens for the physicians with whom Mr. Nocher had existing relationships.

17. I understand that Nocher is suing the Defendants for negligent misrepresentation and breach of contract, and other contract-based claims.

///

[1] Outreach is in the process of undergoing a corporate reorganization, however, this reorganization has just recently commenced and was not underway when the facts giving rise to this lawsuit occurred.

///

18. I do not believe that Outreach or any of the other Defendants in this action ever entered into a contract with Nocher. However, if the Court determines that a contract existed, such an alleged contract was formed in Florida.

19. I do not believe that Outreach or any of the other Defendants in this action made any misrepresentations to Nocher. However, all representations made to Nocher were made in the State of Florida.

20. Outreach had two meetings with Nocher representatives in or about the spring of 2017, and one meeting in or about the late summer of 2017. All meetings with Nocher (or his representatives) took place in Winter Springs, Florida.

21. All of the communications between myself and Nocher occurred in person in Florida or via e-mail, text message or telephone, with Outreach's communications originating out of Florida.

22. All of the testing services Outreach performed for Nocher were performed in Florida.

23. All of the specimens Nocher's physicians sent to Outreach were tested by Outreach in Florida or were sent to Georgia for testing by an unaffiliated reference lab.

24. Outreach arranges for the testing of specimens coming from all over the country. Historically, some specimens have originated in California, however, Outreach has not arranged for the testing of any more specimens originating from California than it does from any other state. Currently, Outreach tests no specimens from the State of California. Outreach's connections with the State of California are minimal, at best.

25. The samples that Nocher sent for testing came from patients in Florida, California, Texas, Ohio, North Carolina and Pennsylvania. For the brief period of time that Nocher sent testing samples, those samples came from Florida for the longest duration of time.

26. All of the specimens Outreach tested were stored in Florida.

27. After testing, all of the specimens Outreach tested were disposed of in Florida.

28. Results of all tests conducted by Outreach were uploaded in Florida to a patient portal. The servers holding the data are located in Florida.

29. Payment for the specimens Outreach tested was received in Florida.

30. All consulting payments Outreach makes to its consultants are drawn from Florida banks and transmitted from Florida. This includes the consulting payment made to Nocher in this action.

31. All of the records of specimens Outreach tested are located in Florida or online.

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

## OLIVER DAWOUD

32. I am aware of no facts or grounds for Nocher to sue me individually in this case.

33. During all of my contacts with Nocher, I was acting on behalf of Outreach.

34. I have never negotiated with Nocher about any business dealings in my individual capacity and have never entered into any agreements with Nocher, oral or written, between Nocher and myself in an individual capacity. I have never signed or assented to any agreement with Nocher in which I would be bound personally or in which I would receive services personally from Nocher. Likewise, I have never held myself out to Nocher as "one and the same" with any of the Aventus entities, nor would I ever do so.

35. I do not own any property in the State of California.

36. I am not a citizen of, and do not maintain a residence in the State of California.

37. I have never owned a business in California, nor have I traveled to California to conduct business on behalf of Outreach or any of the other Defendants.

38. I do not attend trade shows, conventions, or conferences in California.

39. I engage in no business activity in California, let alone substantial ones.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 6th day of August, 2018, at Orlando, Florida.

[signature]

Oliver Dawoud

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT "A"

# Detail by Entity Name

Florida Limited Liability Company
AVENTUS OUTREACH, LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L17000039620 |
| **FEI/EIN Number** | NONE |
| **Date Filed** | 02/21/2017 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | LC AMENDMENT |
| **Event Date Filed** | 02/28/2017 |
| **Event Effective Date** | NONE |

**Principal Address**

1073 WILLA SPRINGS STE 1049
WINTER SPRINGS, FL 32708

**Mailing Address**

1073 WILLA SPRINGS STE 1049
WINTER SPRINGS, FL 32708

**Registered Agent Name & Address**

SMITH, KEITH C, ESQ
1 LAKE MORTON DR
LAKELAND, FL 33801

**Authorized Person(s) Detail**

**Name & Address**

Title MGR

DAGWOOD, OLIVER
1073 WILLA SPRINGS STE 1049
WINTER SPRINGS, FL 32708

**Annual Reports**

**No Annual Reports Filed**

**Document Images**

| | |
|---|---|
| 02/28/2017 -- LC Amendment | View image in PDF format |
| 02/21/2017 -- Florida Limited Liability | View image in PDF format |