JEFFREY AARON COHEN, SBN 186420
Email: jac@cohen-lawfirm.com
LAW OFFICE OF JEFFREY A. COHEN
15338 Central Avenue
Chino CA 91710
Telephone : 310-650-6015

Attorney for plaintiff
NOCHER ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOCHER ENTERPRISES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AVENTUS OUTREACH, LLC, a Florida limited liability company; OLIVER DAWOUD, an individual; AVENTUS BIO LABS, INC., a Florida corporation; and AVENTUS HEALTH, LLC, a Florida limited liability company,<br><br>Defendants. | Case No.: 2:18-cv-3897 RSWL (JEMx)<br><br>Honorable Ronald S.W. Lew<br><br>**OPPOSITION MEMORANDUM OF NOCHER ENTERPRISES, INC. TO DEFENDANTS MOTION TO TRANSFER VENUE**<br><br>Date: May 14, 2019<br>Time: 10:00 a.m.<br>Courtroom: TBD<br><br>Action Filed: March 5, 2018 |

Plaintiff NOCHER ENTERPRISES, INC. (“Nocher Enterprises” or “plaintiff”) hereby opposes the motion of defendants AVENTUS OUTREACH, LLC, a Florida limited liability company; AVENTUS BIO LABS, INC., a Florida corporation; and AVENTUS HEALTH, LLC, a Florida limited liability company (collectively the “Aventus Defendants” or “defendant(s)”) motion to transfer venue, upon the following grounds:

A) Plaintiff’s choice of forum is California,

B) The Convenience of the Witnesses Weigh Heavily In Favor of California and Not Florida,

C) Where the Events Took Place Weigh In Favor of California;

D) The Relative Convenience of the Parties Favors California, and

E) All Other Practical Considerations Also Weigh in Favor of California.

**MEMORANDUM OF POINTS AND AUTHORITIES**

This is a collection action based on the Aventus Defendants' breach of contract and refusal to pay for products and services plaintiff provided at defendants' request from approximately April 2017 through December 2017. (Nocher Decl. ¶s 3-17.)

The operative complaint is plaintiff's Second Amended Complaint (Docket No. 39), filed on December 7, 2018 (the "SAC"). The SAC alleges claims for breach of implied-in-fact contract and breach of implied-in-law contract against the Aventus Defendants[1].

As is explained below the facts of this case, the location and access to the majority of the evidence and witnesses, and the balancing of the five (5) factors presented by the 9th Circuit weigh in favor of denying the motion for transfer of venue in the interests of justice.

**<u>The Rule of Decision for This Motion to Transfer.</u>**

As noted in the motion and upon review of the procedural history of this case, the Court has previously ruled that personal jurisdiction is proper in California as to the moving parties Corporate Defendants. As such, the Court is to engage in the analysis of five (5) factors to decide whether to grant or deny this motion for transfer of venue, which are:

---

[1] The SAC does not allege a claim against Oliver Dawoud, who the Court dismissed in ruling on defendants' Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction. (See Order Re: Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and for Failure to State A Claim ("Order"), filed at Docket No. 38, at page 18.)

(1) plaintiff's initial choice of forum;

(2) the convenience of the witnesses--the ability to mandate attendance of unwilling witnesses and the cost of obtaining willing witnesses;

(3) where the events took place and the relative ease of access to sources of proof;

(4) convenience of the parties; and

(5) all other practical considerations that make the trial of a case easy, expeditious and inexpensive. See *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 507 (C.D. Cal. 1992).

**A. <u>Plaintiff's Choice of Forum Is California.</u>**

Plaintiff's choice of forum is California, which satisfies the first factor of the analysis.

**B. <u>The Convenience of the Witnesses Weigh In Favor of California and Not Florida.</u>**

The majority of the evidence and witnesses are in California and in jurisdictions outside of Florida and California. Specifically, in addition to plaintiff Nocher Enterprises, Inc., there are *twenty-one (21)* other California based-providers *that will be witnesses at the trial in this action*. These 21 California-based providers are listed at ¶ 7 of the supporting Declaration of Jamie Nocher filed herewith.

If this action were transferred to Florida then plaintiff would be forced to *subpoena the 21 California-providers to testify in Florida*- which would be unnecessarily burdensome and could also result in the non-appearance of those witnesses which would jeopardize plaintiff's case.

Furthermore, there are *five (5) hospital-laboratories outside of Florida and California* that tested the specimens and forwarded payment for them in the following jurisdictions, each of which is also a third-party witness in this action.

The five out-of-state hospital/laboratory witnesses are:

a) Dewitt Hospital and Nursing Home
CLIA ID: 04D0642180
1641 South Whitehead Dr
De Witt, AR 72042

b) North Oak Regional Medical Center
CLIA ID: 25D0316599
(662) 562-3100
401 Getwell Dr
Senatobia, MS 38668

c) Trinity Hospital Nursing Service
CLIA ID: 27D0692133
(406) 653-2100
315 Knapp St
Wolf Point, MT 59201

d) Singing River Hospital
CLIA ID: 25D0319894
(228) 809-2240
2809 Denny Ave
Pascagoula, MS 39567

e) Deckerville Community Hospital
CLIA ID: 23D0372861
(810) 376-2835
3559 Pine St
Deckerville, MI 48427. (See Nocher Decl., ¶s 9-10.)

As such, the majority of the witnesses and evidence are here in California or otherwise outside of Florida, and the Court should deny the motion in the interests of justice.

**C. <u>Where the Events Took Place Weigh In Favor of California.</u>**

The majority of the events that took place leading up to the filing of this lawsuit are in California and in jurisdictions outside of Florida. A review of the

Court's analysis and ultimate ruling on defendants' motion to dismiss for lack of personal jurisdiction is informative and probative on this subject.

In ruling on the prior motion to dismiss, the Court found that defendants purposefully availed themselves of California *despite the fact that negotiations took place in Florida*. (See Order (Docket No. 38) at pp. 11-12.)

Other dispositive factors that led to the finding of personal jurisdiction include, but are not limited to:

1) the inference that in entering into a contract with plaintiff, defendants anticipated continuing contractual obligations and contacts with California,

2) defendants' course of dealing in sending supplies and equipment to the California entities constitutes purposeful availment, and

3) the case arises out of California-forum related contacts. (See Order at pp. 13-16.)

Defendants' misrepresentation of facts also took place in California. Although plaintiff is no longer asserting a claim for "fraud" or "negligent misrepresentation", the fact that defendants made misrepresentations as to the access of the online portal and falsified the data pertaining to the claims made and payments for those claims, all support plaintiff's proof of defendants' breach of contract and of defendants' unjust enrichment.

For these reasons this factor weighs in favor of plaintiff's choice of the California forum.

///

///

///

**D. <u>The Relative Convenience of the Parties Favors California.</u>**

The convenience of the parties weighs in favor of plaintiff's choice of forum in California. This is because, among other things, the great majority of witnesses necessary to prove plaintiff's case are in California (including plaintiff and the California-based providers). Whereas, the hospitals and laboratories outside of California and Florida are equally available to the parties; and the Court has already rejected defendants' argument that that its own potential evidence in Florida makes it the more reasonable forum.

In ruling in favor of California jurisdiction, the Court noted that "The only facts that favor Corporate Defendants are that it would be burdensome for them to defend in California, potential evidence is located in Florida, and an alternative forum exists in Florida." (See Order at page 16, lines 13-16.)

The Court rejected the Corporate Defendants' argument, however, because, inter alia, "modern advances in communications and transportation have significantly reduced the burden on litigating" in a different state, citing *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988).

**E. <u>All Other Practical Considerations Also Weigh in Favor of California.</u>**

This prong of the analysis is the practical consideration of what makes the trial of the case easy, expeditious and inexpensive. See *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 507 (C.D. Cal. 1992).

As noted hereinabove, the great majority of the witnesses in this case are in California. It would be a tremendous expense to both plaintiff and the California-providers to subpoena them to Florida. Whereas, procuring the evidence from the non-Florida hospitals/laboratories weighs equally on both plaintiff and defendants.

The practical costs to make the case most expeditious and inexpensive clearly balance in favor of California.

The Court is also well-equipped to apply Florida law to the two claims for breach of implied-in-fact contract and implied-in-law contract. Indeed, Federal Courts routinely apply state law in diversity cases and this case is no different, viz., this Court easily applied Florida contract law to overrule defendants' objections to the two contract causes of action proceeding to trial in this case. (See Docket No. 38 at pp.25-26 (breach of implied-in-fact contract) and Docket No. 49 at pp. 12-13 (breach of implied-in-law contract).)

WHEREFORE, for these reasons the Court should deny the motion in the interests of justice.

Dated: April 21, 2019

Respectfully submitted,

LAW OFFICE OF JEFFREY A. COHEN

By: ____**s/*JEFFREY A. COHEN***_________

Jeffrey Aaron Cohen, attorney for plaintiff
NOCHER ENTERPRISES, INC.